# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW ONIFER, | ) | Case No. 1:05CV2674 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| TELSOURCE CORPORATION | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the following three motions:

The motion of Defendant, Telsource Corporation ("Telsource"), for Leave to Amend Answer, *Instanter*, to Assert Defense of Mistake (Docket No. 67), to which Plaintiff, Matthew Onifer ("Onifer"), filed an opposition and Telsource replied (Docket Nos. 72 and 73, respectively);

Motion of Telsource for Leave to File Counterclaim, *Instanter* (Docket No. 68), to which Onifer filed an opposition and Telsource replied (Docket Nos. 71 and 74, respectively); and,

Motion of Telsource for Leave to File Amended Counterclaim, *Instanter* (Docket No. 80), to which Onifer filed an opposition and Telsource replied (Docket Nos. 84 and 85, respectively).

## A.    Amend Answer

Telsource seeks leave of Court to amend its answer, to assert the defense of mistake, arguing that Federal Rule of Civil Procedure 15(a) permits such leave.  Onifer opposes the motion, arguing that Telsource failed to act with due diligence in utilizing Rule 15(a).

Rule 15(a) governs amended pleadings, and provides:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is

permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and **leave shall be freely given when justice so requires**. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders. (Emphasis supplied).

In determining whether to grant a party leave to amend a pleading, the Court should consider undue delay, bad faith, undue prejudice, futility, additional discovery, and strain on the court's docket. *McNett v. Hardin Community Federal Credit*, 2006 WL 2473000, 1 (N.D. Ohio 2006), citing *Budd Co. v. Travelers Indem. Co.*, 820 F.2d 787, 792 (6th Cir. 1987).

In the instant case, the trial date was only recently set. (Docket No. 91) Additionally, the parties have already conducted sufficient discovery on the issue of mistake. As such, it will not strain the court's docket and the case will not be unduly delayed by allowing Telsource to assert this defense. There is no indication of Telsource's bad faith in attempting to assert the defense of mistake, and as a viable defense, it is not futile for Telsource to do so. Onifer will not be unduly prejudiced by granting Telsource leave to assert this defense. Accordingly, under the consideration set forth in *McNett*, Telsource is hereby given leave to assert the defense of mistake.

Telsource's motion for leave of Court to amend its answer, to assert the defense of mistake is hereby **GRANTED**.

**B.     File Counterclaim**

Telsource filed a motion for leave to file [a] counterclaim, *instanter*

2

(Docket No. 68) on February 2, 2007. After the motion was fully briefed, but before the Court ruled upon it, Telsource filed a motion for leave to file [an] amended counterclaim, *instanter* (Docket No. 80) on March 5, 2007.

In light of Telsource's motion for leave to file [an] amended counterclaim, *instanter* (Docket No. 80), Telsource's motion for leave to file [a] counterclaim, *instanter* (Docket No. 68) is hereby **DENIED as MOOT**.

### C.    File Amended Counterclaim

Telsource filed a motion for leave to file [an] amended counterclaim, *instanter* (Docket No. 80), pursuant to Federal Rules of Civil Procedure 13(f) and 15(a), arguing that newly-discovered information necessitates the addition of a counterclaim to its currently filed responsive pleading. Onifer opposes the motion (Docket No. 84), arguing that the information Telsource cites is not "newly-discovered," and that asserting a counterclaim based on it is untimely and would require reopening discovery, which would unduly delay the matter.

Federal Rule of Civil Procedure 13 governs counterclaims, and provides:

(f) Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.

"In exercising its discretion under Rule 13(f), the district court must balance the equities, including whether the non-moving party will be prejudiced, whether additional discovery will be required, and whether the court's docket will be strained." *Budd Co.*, *supra*, at 792, citing *Barnes Group, Inc. v. C & C Products, Inc.,* 716 F.2d 1023, 1035 n. 35 (4th Cir.1983) (internal quotation marks omitted). Further, "the clause in Rule 13(f) permitting amendments 'when justice requires' is especially flexible and

enables the court to exercise its discretion and permit amendment whenever it seems desirable to do so." *Id.* at 791-792, citing 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1430 at 155 (1971). See also, *Silvers v. TTC Industries,* 484 F.2d 194, 198 (6th Cir. 1973).

Telsource argues that while deposing Onifer on January 4, 2007, Telsource learned that Onifer still possessed the laptop computer issued to him by Telsource. At Telsource's request, Onifer returned it to Telsource on January 11, 2007. Upon forensic examination, completed on February 28, 2007, Telsource learned that Onifer had deleted 3829 electronic files from the laptop since receiving Telsource's first set of combined discovery requests on March 16, 2006. After analyzing the results of this forensic examination, Telsource now seeks leave to assert a spoliation of evidence claim.

Additionally, on February 23, 2007, Telsource learned of information indicating that Onifer violated the non-competition provision of the parties' employment Agreement in the spring and summer of 2004. In light of this new information, Telsource seeks to be compensated for payments made to Onifer after this alleged breach, and for overpayments made up to this time.

Onifer argues that this amendment is untimely because Onifer shared information sufficient to allow Telsource to timely assert these counterclaims via the answers he submitted on or about April 12, 2006 to Telsource's first combined set of discovery requests.

Pursuant to Rules 15(a), 13(f), and under *Budd Co*., the Court finds justice requires Telsource leave to file an amended counterclaim. Onifer's deletion of more than 3000 electronic files from the laptop computer Telsource issued to him is certainly

worthy of attention and discovery as it relates to this matter. Further discovery will be limited to these newly-added claims, thus preventing substantial prejudice to Onifer. As no trial date has yet been set in this matter, the court's docket will not be strained.

For the foregoing reasons, Motion of Telsource for Leave to Amend Answer, *Instanter*, to Assert Defense of Mistake is hereby **GRANTED**. Motion of Telsource for Leave to File Counterclaim, *Instanter* is hereby **DENIED as MOOT**. Motion of Telsource for Leave to File Amended Counterclaim, *Instanter* is hereby **GRANTED**.

Telsource's amended answer and Telsource's amended counterclaim must be filed with the Court on or before October 2, 2007. As to the additional claim asserted in Telsource's amended counterclaim, fact discovery shall be completed on or before November 16, 2007; Telsource's expert report shall be provided to Onifer on or before December 3, 2007; Onifer's expert report shall be provided to Telsource on or before January 7, 2008; and, expert discovery shall be completed on or before February 8, 2008.

**IT IS SO ORDERED**.

Dated:  September 28, 2007

*s/  Sara Lioi*
Sara Lioi
United States District Judge